IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NationsRent, Inc., et al.,[1] <br><br> Debtors. | Case Nos. 01-11628 through 01-11639 (PJW) <br><br> Jointly Administered <br><br> Chapter 11 |
| NationsRent Unsecured Creditors' Liquidating Trust, Perry Mandarino, not personally, but as Trustee <br><br> Plaintiff, <br><br> v. | <br><br><br><br> District Court Case Nos. (KAJ): |
| Airdyne Management Inc. | 04-CV-714 |
| ASAP Equipment Rental & Sales | 04-CV-716 |
| EJ Reynolds, Inc. | 04-CV-722 |
| FL Hydraulic Machinery | 04-CV-725 |
| GCR Pensacola Truck Tire Ctr. | 04-CV-730 |
| Cyrk Inc. | 04-CV-734 |
| Mutual Industries | 04-CV-737 |
| Harte-Hanks | 04-CV-739 |
| US Market Inc. | 04-CV-740 |
| Office Management Systems Inc. | 04-CV-742 |
| Ingram Trucking LLC | 04-CV-744 |
| Saber Fleet Services, Inc. d/b/a Weiland Tire Service | 04-CV-753 |
| Maxout Sourcing Services | 04-CV-758 |
| The Valvoline Company | 04-CV-759 |
| Morgan Marshall Industries Inc. | 04-CV-763 |

---

[1] NationsRent USA, Inc., NationsRent Transportation Services, Inc., NR Delaware, Inc., NRGP, Inc., NationsRent West, Inc., Logan Equipment Corp., NR Dealer, Inc., NR Franchise Company, Inc., NationsRent of Texas, LP, and NationsRent of Indiana, LP

604911v2

| | |
|---|---|
| Holt Equipment Company Co., LLC | 04-CV-772 |
| John Ray and Sons Inc. | 04-CV-774 |
| Original Equipment Replacement Parts, Inc. | 04-CV-777 |
| Parkway Truck Sales, Inc. | 04-CV-781 |
| Authorized Equipment, Inc. | 04-CV-784 |
| Diamond J. Transport, Inc. | 04-CV-787 |
| Equiptechs, Inc. | 04-CV-789 |
| Olsen Tire | 04-CV-792 |
| Southeastern Crane | 04-CV-799 |
| Texana Machinery Corp. | 04-CV-805 |
| Commercial Tire Inc. | 04-CV-806 |
| Tacony Corporation | 04-CV-808 |
| Kent Demolition Tools | 04-CV-987 |
| Little Beaver, Inc. | 04-CV-997 |
| Truck PM Corporation | 04-CV-1002 |
| Diamant Boart Inc. | 04-CV-1004 |
| Tsurumi (America) Inc. | 04-CV-1005 |
| Harbor Graphics Corporation | 04-CV-1007 |
| The Miller Spreader Co. | 04-CV-1008 |
| US Imaging Solutions | 04-CV-1012 |
| Mission Critical System, Inc. | 04-CV-1014 |
| Hunt & Sons | 04-CV-1019 |
| Empire d/b/a Nortrax | 04-CV-1023 |
| Multiquip Inc. | 04-CV-1025 |
| Bobcat Company | 04-CV-1026 |
| Naab Consulting Corp. | 04-CV-1027 |
| Mobile Storage Group, Inc. | 04-CV-1028 |
| Black & Veatch Constr. | 04-CV-1039 |

| | |
|---|---|
| ID Technologies, Inc. | 04-CV-1043 |
| Nortrax Equipment Co. South LA | 04-CV-1044 |
| Nortrax Equipment Co. SE, LLC | 04-CV-1045 |
| Partner Industrial Products | 04-CV-1047 |
| Rentlink Inc. | 04-CV-1054 |
| JAM Distributing Company | 04-CV-1123 |
| Equipment Development Co., Inc. | 04-CV-1128 |
| Fischer Group | 04-CV-1141 |
| Dossey Holdings, Inc. | 04-CV-1155 |
| L&P Financial Services | 04-CV-1165 |
| Husqvarna Forest & Garden | 04-CV-1176 |
| Jeff Falkanger & Associates | 04-CV-1184 |
| Mobile Products, Inc. | 04-CV-1186 |
| Morgan Guaranty Trust Company of New York | 04-CV-1192 |
| Vector Security Inc | 04-CV-1197 |
| Defendants. | |

## SCHEDULING ORDER

This _____ day of October 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a), and the parties having determined after discussion that the matters cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen days of the date of this Order.

2. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 16, 2005.

3. <u>Discovery</u>.

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 24 hours of taking testimony by deposition of fact witnesses upon oral examination.

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c. <u>Fact Discovery Cut Off</u>. All fact discovery in these cases shall be initiated so that it will be completed on or before March 17, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d. <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before March 31, 2006; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before April 28, 2006. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless

604911v2

otherwise ordered by the Court. All expert discovery shall be initiated so that it will be completed on or before June 1, 2006.

  e. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

  4. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

  5. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, all proceedings in which the Liquidating Trust is seeking to avoid and recover transfers in the amount of $50,000.00 or greater are referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

  6. <u>Interim Status Report</u>. On March 17, 2006, counsel for the Liquidating Trust shall file an interim report on the nature of the matters in issue and the progress of discovery to date.

7.   <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 5, 2006.  Briefing will be presented pursuant to the Court's Local Rules.

8.   <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.   <u>Pretrial/Status Conference</u>.  On _____, _____ the Court will hold a Rule 16(a), (b), (c), and (d) conference with counsel beginning at _____ _.m. to discuss the status of the proceedings.  This pretrial/status conference shall be held on the same date as the status conference in the remaining adversary proceedings not subject to this order.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 200_.

10.  <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise

ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11.   <u>Trial</u>. These adversary proceedings matter are scheduled for a one-half day trial beginning at 9:30 a.m. on _____, 200\_. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of two hours to present their case.

_____
The Honorable Kent A. Jordan
United States District Court Judge